UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-5000 |
| | ) | |
| JERRY W. RANDALL, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on December 4, 2008, for a hearing on the Motion to Withdraw as Counsel [Doc. 7] filed on December 3, 2008, by Attorney Kim A. Tollison, appointed attorney for Defendant Randall. Mr. Tollison was present at the hearing, and Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the government. The defendant was also present.

At the hearing, Mr. Tollison argued that the Federal Defenders Services of East Tennessee (FDSET), for whom he works, had a conflict in representing the defendant because of its representation of another client. He stated that he had discussed the conflict with the defendant. The government stated that it had no objection to Attorney Tollison's motion. The Court questioned the defendant, who confirmed that he did not object to Mr. Tollison's withdrawal and the appointment of another attorney.

The Sixth Amendment right to counsel encompasses the right to have an attorney

1

who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942), superseded by rule on another issue Bourjaily v. U.S., 483 U.S. 171, 181 (1987). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

In light of the fact that a conflict exists, the undersigned finds that good cause exists to grant defense counsel's Motion to Withdraw as Counsel [**Doc. 7**], the same is **GRANTED**, and Mr. Tollison is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. Also at the December 4, 2008 hearing, Attorney James Varner appeared and agreed to accept representation of the defendant. Mr. Varner disclosed to the defendant that his wife works for the probation office. Although this case does involve a revocation of supervised released, Mr. Varner assured the Court that his wife was not involved in this case. The defendant stated that he understood the situation and still wanted Mr. Varner to represent him. The Court therefore and

hereby substitutes and appoints Attorney Varner under the Civil Justice Act (CJA) as counsel of record for the defendant.

This case was also set for a preliminary hearing and detention hearing on December 4, 2008, and for a final revocation hearing on December 5, 2008, at 10:00 a.m. before District Judge Thomas W. Phillips. The defendant waived his right to a preliminary hearing and to a detention hearing, reserving his right to have a detention hearing at a future time. Mr. Varner requested additional time to familiarize himself with the case and to prepare for the revocation hearing. The parties will appear for a final revocation hearing before Judge Phillips on **December 19, 2008, at 9:00 a.m.**

Accordingly, it is ordered:

(1) Attorney Tollison's Motion to Withdraw as Counsel [**Doc. 7**] is **GRANTED**, and Mr. Tollison is permitted to withdraw as the defendant's counsel of record;

(2) Attorney Jim Varner is appointed under the Civil Justice Act (CJA) as counsel of record for the defendant; and

(3) The parties are to appear for a final revocation hearing on **December 19, 2008, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3